```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
CHI WAI SHUM,

                        Plaintiff,                              MEMORANDUM & ORDER
                                                                17-CV-7600 (RPK) (VMS)
        -against-

JILI INC., d/b/a Jin Cheng Restaurant;
RONG XING INC., d/b/a Jin Cheng
Restaurant; YOUNG SHIN CORP., d/b/a
Jin Cheng Restaurant; CHUN KIT CHENG;
WEI WEI LIN; XIAO DONG HUANG;
and JIALI WANG,

                        Defendants.
--------------------------------------------------------x
```

RACHEL P. KOVNER, United States District Judge:

  Chi Wai Shum brought suit against defendants alleging violations of 29 U.S.C. § 201 *et seq.* and various New York Labor Laws. Defendant Xiao Dong Huang moved to dismiss the complaint against him based on insufficient service of process. Because plaintiff did not attempt to serve Huang with the operative complaint according to Federal Rule of Civil Procedure 4, the complaint is dismissed as to Huang.

## BACKGROUND

  Plaintiff filed this lawsuit against Rong Xing Inc., d/b/a Jin Cheng Restaurant, and various other defendants in January 2018. Compl. (Dkt. #1).

  Plaintiff first listed Xiao Dong Huang has a defendant in the second amended complaint, filed November 13, 2018. Second Am. Compl. (Dkt. #26). The second amended complaint alleges that Huang was the president of Rong Xing Inc. Second Am. Compl. ¶ 25. But plaintiff did not serve that complaint on Huang.

On January 9, 2019, Magistrate Judge Scanlon held a status conference with counsel for plaintiff and for the defendants—not including Huang—who had appeared in the case. Judge Scanlon noted that there were questions as to whether the non-appearing defendants such as Huang "have been served," and she directed plaintiff's counsel "to review this issue as a default judgment may not be entered if the [p]arties have not been properly served." Order dated January 9, 2019.

Subsequently, at a June 20, 2019 conference before Judge Scanlon, Samuel Chuang, an attorney who had appeared on behalf of Rong Xing Inc., agreed that he would accept service for Huang. Scheduling Order dated June 20, 2019. Judge Scanlon directed plaintiff to serve "any additional Defendants properly by July 30, 2019." *Ibid.*

On July 25, 2019, plaintiff filed the operative third amended complaint, again naming Huang as a defendant in addition to Rong Xing Inc. and others. Third Am. Compl. (Dkt. #44). On July 31, 2019, plaintiff filed proof of service of that complaint on several individual defendants, but not on Huang. *See, e.g.*, Summons Returned Executed as to Chung Kit Cheng (Dkt. #47); Summons Returned Executed as to Jiali Wang (Dkt. #48).

On July 1, 2021, the Court ordered plaintiff to file "a memorandum and supporting documents addressing whether the non-appearing defendants have been properly served and why the action should not be dismissed without prejudice against the non-appearing defendants based on failure to serve those defendants within the time limit set by Federal Rule of Civil Procedure 4(m)." Order to Show Cause dated July 1, 2021. Shortly afterward, the Court also ordered attorney Chuang "to file notices of appearance for all other defendants who he represents in this case." Order dated July 13, 2021. Chuang filed a limited notice of appearance on behalf of Huang "solely for the purpose of contesting the jurisdiction of this Court over him due to insufficient process and insufficient service of process because Plaintiff never served process on

2

Huang." Limited and Special Notice of Appearance 1 (Dkt. #80). Plaintiff failed to file the requested supplemental brief addressing service of process on Huang and the other non-appearing defendants. Order dated August 10, 2021.

On April 5, 2022, plaintiff moved for a default judgment against Huang and two other defendants. Mot. for Default J. (Dkt. #87). Huang, in turn, moved to dismiss the claims against him under Federal Rule of Civil Procedure 12(b)(5) based on insufficient service of process. Mot. to Dismiss Pursuant to Rule 12(b)(5) for Insufficient Service of Process ("Mot. to Dismiss") (Dkt. #99).

## DISCUSSION

Defendant Huang's motion to dismiss based on insufficient service of process is granted because plaintiff has neither demonstrated that Huang was properly served nor set forth an adequate justification for extending the service deadline.

### I. Plaintiff Did Not Properly Serve Defendant Huang.

A defendant may "challeng[e] the mode of delivery or lack of delivery of the summons and complaint" under Federal Rule of Civil Procedure 12(b)(5). *Wilson v. Cuomo*, No. 21-CV-4815 (GRB) (AYS), 2022 WL 4644695, at *3 (E.D.N.Y. Aug. 28, 2022), *report and recommendation adopted*, 2022 WL 4662825 (E.D.N.Y. Sept. 30, 2022). When a defendant does so, "the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010); *see, e.g.*, *Vidurek v. Koskinen*, 789 F. App'x 889, 893 (2d Cir. 2019). "Plaintiff must meet this burden by making a prima facie case of proper service through specific factual allegations and any supporting materials." *Sikhs for Justice v. Nath*, 850 F. Supp. 2d 435, 440 (S.D.N.Y. 2012) (citation and quotation marks omitted).

The requirements for initial service of a summons and complaint are contained in Federal Rule of Civil Procedure 4. *See Reid v. Dan Yant, Inc.*, No. 15-CV-2358 (MKB) (SJB), 2018 WL 8014197, at *1 (E.D.N.Y. Oct. 25, 2018). "[S]ervice of the summons is the procedure by which a court . . . asserts jurisdiction over the person of the party to be served." *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946); *see Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999). By contrast, the "less strict" requirements for service in Federal Rule of Civil Procedure 5 "govern[] the manner in which parties . . . 'shall be served with all papers and pleadings subsequent to the service of the summons and the original complaint,'" *Cont'l Indem. Co. v. Bulson Mgmt., LLC*, No. 20-CV-3479 (JMF), 2022 WL 1747780, at *2 (S.D.N.Y. May 31, 2022) (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1141 (4th ed. 2022)), "on the theory that, once a court has obtained personal jurisdiction over a defendant pursuant to service of process, it 'need not be obtained anew each time an amendment of the complaint is served,'" *ibid.* (quoting *In re Orion HealthCorp, Inc.*, No. 18-71748-67 (AST), 2022 WL 993850, at *7 (Bankr. E.D.N.Y. Apr. 1, 2022)).

To establish personal jurisdiction, Rule 4 authorizes several methods of service on an individual. An individual may be served by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Because an individual may also be served in any manner permitted by the law of the States in which the court is located or service is made, Fed. R. Civ. P. 4(e)(1), plaintiff could also have achieved service on Huang through a combination of delivery of the complaint and summons to Huang's place of business and through the mail, as authorized

4

under New York law, *see* N.Y. C.P.L.R. § 308(2).  When a defendant is not served "within 90 days after the complaint is filed," the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).

The Court lacks personal jurisdiction over Huang because plaintiff has not set out facts establishing proper service under Rule 4.  Plaintiff does not contend that he served Huang personally.  Nor does he argue that he mailed or otherwise physically delivered a copy of the summons and complaint to attorney Chuang, who had agreed to accept service on behalf of Huang.  Instead, plaintiff principally contends that he served Huang with the third amended complaint simply by filing that complaint on ECF.  Mem. in Opp. 4–6 (Dkt. #103).  He reasons that Chuang would have automatically received the third amended complaint through the ECF system by virtue of Chuang's appearance in the case for Rong Xing Inc.  *Ibid*.  And he further argues that service of the third amended complaint on Chuang was sufficient because Chuang had represented Huang, as president of Rong Xing Inc., at a deposition on behalf of Rong Xing. Inc.  *See ibid*.; Mot. for Default J. 6.

Plaintiff's argument is unavailing.  Even assuming that attorney Chuang was Huang's agent for purposes of service of process, Rule 4 requires that a person who is at least 18 years old "deliver a copy" of the summons and complaint "to [the party's] agent" in order to accomplish service on an agent.  Fed. R. Civ. P. 4.  ECF filing does not suffice, as a comparison of Rule 4 and Rule 5 indicates.  Rule 5—which governs service of *later* pleadings—expressly provides that such a pleading may be served "by sending it to a registered user by filing it with the court's electronic filing system."  Fed. R. Civ. P. 5(b)(2)(E).  The inclusion of that language in Rule 5 strongly suggesting that such electronic service is not permitted under Rule 4, governing initial service of the summons and complaint, since Rule 4 contains no comparable discussion of electronic filing.

5

Consistent with this understanding, courts in this circuit have concluded that a plaintiff cannot accomplish service under Rule 4 simply by filing a document on ECF. *See, e.g., Zaerpour v. JP Morgan Chase Bank*, No. 21-CV-9680 (JPC) (JLC), 2022 WL 3159287, at *2 (S.D.N.Y. Aug. 8, 2022); *Mares v. United States*, No. 13-CV-6187 (CJS), 2014 WL 2531964, at *3 (W.D.N.Y. June 5, 2014), *aff'd*, 627 F. App'x 21 (2d Cir. 2015); *Bruccoleri v. Gangemi*, No. 17-CV-7443 (LG), 2019 WL 499769, at *6 (E.D.N.Y. Feb. 8, 2019). Because plaintiff offers no evidence that he "deliver[ed] a copy of [the summons and complaint] to" attorney Chuang as required for effective service on "an agent authorized by appointment," under Rule 4(e)(2)(c), plaintiff has not met his "burden of proving adequate service" under Rule 4, *Dickerson*, 604 F.3d at 752. And because Rule 5 governs service of pleadings only after a party has been hauled into court through service of the summons and complaint under Rule 4, plaintiff was not entitled to rely on the procedures of Rule 5 to bring Huang into the case. *See* Fed. R. Civ. P. 4, Advisory Committee Notes (1993) (differentiating between service of the summons and complaint under Rule 4 and "service of papers such as orders, motions, notices, pleadings, and other documents" under Rule 5).

Plaintiff cannot salvage his defective service by noting that Huang had actual notice of the lawsuit. "[A]ctual notice of suit [cannot] cure a failure to comply with the statutory requirements for serving process." *Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002). To be sure, "[w]here a defendant has notice of the action and implicitly leads a plaintiff to believe that no" insufficient-service defense will be interposed, courts have not hesitated to conclude that the defense [of insufficient service] has been forfeited." *LPD New York, LLC v. Adidas Am., Inc.*, No. 15-CV-6360 (MKB) (RLM), 2021 WL 5139252, at *3 (E.D.N.Y. Nov. 4, 2021) (collecting cases). But, here, Huang gave no hint that he was forgoing an insufficient-service defense. On the contrary, when Chuang filed a notice of appearance on Huang's behalf at the Court's direction, he expressly

6

noted that he was making "a limited-purpose appearance on behalf of Xiao Dong Huang, who disputes proper service," Minute Entry and Order dated January 31, 2022, and Huang has consistently disputed service in his filings since that time, see Resp. to Order to Show Cause dated April 18, 2022 at 5 (Dkt. #92); Mot. to Dismiss 1. Huang has not forfeited his insufficient-service defense.

**II.     No Extension of Time Is Warranted.**

I decline to extend plaintiff's time to serve Huang.

**A.     Good Cause**

If a plaintiff shows "good cause for the failure" to meet the Rule 4(m) service requirements, then "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond [plaintiff's] control." *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 597 (E.D.N.Y. 2013) (citation and quotation marks omitted). In determining whether good cause exists, courts consider "(1) the diligence and reasonableness of the plaintiff's efforts to serve, and (2) prejudice to the defendants from the delay." *Tolchin v. Cnty. of Nassau*, 322 F. Supp. 3d 307, 311 (E.D.N.Y. 2018), *aff'd*, 768 F. App'x 60 (2d Cir. 2019).

Plaintiff has not shown good cause here. He has not set out exceptional circumstances beyond his control that caused his attempts at service to fail. *See Jordan*, 928 F. Supp. 2d at 598. Nor has he provided evidence from which the Court could conclude his efforts at service were diligent or reasonable. Although Huang has long objected that he had not been properly served, and although Chuang agreed to accept service on Huang's behalf, plaintiff appears to have taken no steps to perfect service in accordance with Rule 4. Insofar as plaintiff did not do so because of a mistaken belief that he had served Huang simply by filing the third amended complaint on ECF,

*see* Mem. in Opp. 5–6, "[a] mistaken belief that service was proper is not good cause under Rule 4(m)," *Fowler v. City of New York*, No. 13-CV-2372 (KAM) (RML), 2015 WL 9462097, at *5 (E.D.N.Y. Dec. 23, 2015) (citation and quotation marks omitted), *aff'd*, 807 F. App'x 137 (2d Cir. 2020); *see, e.g.*, *Yaxin Jing v. Angel Tips, Inc.*, No. 11-CV-05073 (RRM) (JMA), 2013 WL 950585, at *3 (E.D.N.Y. Mar. 11, 2013); *Obot v. Citibank S. Dakota, N.A.*, No. 04-CV-784A (RJA), 2006 WL 6905256, at *2–3 (W.D.N.Y. Oct. 17, 2006), *aff'd*, 347 F. App'x 658 (2d Cir. 2009). Accordingly, plaintiff has not established good cause for his failure to properly serve Huang.

      **B.**    **Discretionary Extension**

"[A] district court *may* grant an extension in the absence of good cause, but it is not required to do so." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007); *see Counter Terrorist Grp. U.S. v. New York Mag.*, 374 F. App'x 233, 234–35 (2d Cir. 2010). To benefit from a discretionary extension, "the plaintiff must ordinarily advance some colorable excuse for neglect." *Zapata*, 502 F.3d at 198. At that point, "courts in this Circuit generally consider four factors: (1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendant[s] had actual notice of the claims asserted in the complaint; (3) whether defendant[s] attempted to conceal the defect in service; and (4) whether defendant[s] would be prejudiced by extending plaintiff's time for service." *Vaher v. Town of Orangetown*, 916 F. Supp. 2d 404, 420 (S.D.N.Y. 2013) (citation and quotation marks omitted).

Here, I decline to exercise my discretion to grant an extension without good cause because plaintiff has not offered a colorable excuse for his neglect. *Cf. Zapata*, 502 F.3d at 199 (affirming denial of extension of time to serve where plaintiff "neglected to ask for an extension within a reasonable period of time, and ha[d] advanced no cognizable excuse for the delay"). "[U]nlike the plaintiff in *Zapata*, who ultimately served the defendants only four days beyond the service

8

deadline, plaintiff here *never* effected proper service on the defendant[]," even though Huang placed plaintiff on notice of his service objections. *Carl v. City of Yonkers*, No. 04-CV-7031 (SCR), 2008 WL 5272722, at *7 (S.D.N.Y. Dec. 18, 2008) (emphasis in original) (declining to extend time to serve because plaintiff's *pro se* attempt at service was unsuccessful, plaintiff "made no further effort" to serve defendants, and plaintiff failed to seek any extension of time), *aff'd*, 348 F. App'x 599 (2d Cir. 2009); *see, e.g.*, *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 508–09 (2d Cir. 2006); *Fried v. New York State Off. of Child. & Fam. Servs.*, No. 05-CV-5522 (NGG) (AKT), 2008 WL 4360749, at *6 (E.D.N.Y. Sept. 24, 2008). Moreover, plaintiff has not argued or provided evidence that the *Vaher* factors are satisfied. *See* Mem. in Opp. 4–6; s*ee also Emanuele v. Ranch for Kids, Inc.,* No. 17-CV-6426 (NGG) (SJB), 2018 WL 2248514, at *2 (E.D.N.Y. Apr. 27, 2018) (recommending dismissal based on insufficient service of process where plaintiff did not argue or provide evidence that the factors supporting an extension were satisfied), *report and recommendation adopted*, 2018 WL 2248509 (E.D.N.Y. May 16, 2018). Considering the factors commonly weighed in deciding whether to grant a discretionary extension, I decline to extend plaintiff's time to serve.

## CONCLUSION

Huang's motion to dismiss based on insufficient service of process is granted. The claims against him are accordingly dismissed without prejudice.

SO ORDERED.

                                               */s/ Rachel Kovner*
                                               RACHEL P. KOVNER
                                               United States District Judge

Dated:  December 2, 2022
       Brooklyn, New York