```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
CHI WAI SHUM,                                               :
                                                            :
                Plaintiff,                                  :       REPORT AND
                                                            :       RECOMMENDATION
        -against-                                           :
                                                            :       17 Civ. 7600 (RPK) (VMS)
                                                            :
JILI INC. d/b/a JING CHENG RESTAURANT,                      :
RONG XING INC. d/b/a JING CHENG                             :
RESTAURANT, YOUNG SHIN CORP. d/b/a                          :
JIN CHENG RESTAURANT, CHUN KIT                              :
CHENG, WEI WEI LIN, XIAO DONG HUANG                         :
a/k/a XIAODONG HUANG, JIALI WANG a/k/a                      :
JIA LI WANG,                                                :
                                                            :
                Defendants.                                 :
------------------------------------------------------------ X
```

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Chi Wai Shum ("Plaintiff"), on behalf of himself and others similarly situated, brought this wage-and-hour action against Defendants Rong Xing Inc., Chun Kit Cheng, Xiao Dong Huang and Jiali Wang (collectively, "Defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL") §§ 650 et seq.[1] See ECF No. 1, passim. Before the Court is Plaintiff's motion for default judgment against Defendants Cheng and Wang, who have not appeared. See ECF No. 87.[2] The Honorable Rachel P. Kovner referred the motion to this Court for a report and recommendation.

---

[1] Plaintiff also brought the action against Qunyan Dai, Young Shin Corp., JILI Inc. and Wei Wei Lin, which and who were dismissed from the action with Plaintiff's consent. See Dkt. Entry 1/31/2022 Order.

[2] Plaintiff also moved for a default judgment against Mr. Huang. See ECF No. 87. Mr. Huang subsequently moved to dismiss for failure to serve process, which the District Judge granted. See ECF Nos. 99, 107. The Court therefore denied as moot Plaintiff's motion for default judgment as it related to Mr. Huang. See Dkt. Entry 12/6/2022 Order.

For the following reasons, I respectfully recommend that the District Judge stay and administratively close the motion for a default judgment with leave to reopen once the claims against Rong Xing Inc. are resolved, if Defendants Cheng and Wang have not appeared.

## I.     Background

### a.  Plaintiff's Third Amended Complaint

The following facts are drawn from the docket and from Plaintiff's third amended complaint.  See ECF No. 44.

Plaintiff was employed as a waiter for Defendants at Jin Cheng Restaurant in Flushing, New York, from July 6, 2011 to October 15, 2017.  See id. ¶ 51.  Plaintiff regularly worked six days a week for a total of 36.5 hours: for 6 hours each day on Monday, Tuesday and Friday; 7 hours each day on Saturday and Sunday; and 7.5 hours on Thursday.  Id. ¶¶ 52–53.  Even when Plaintiff did not eat meals offered by Defendants, Plaintiff was charged a meal credit of $2.50 for his daily meal breaks.  Id. ¶¶ 58–59.  Defendants also deducted a tip credit from Plaintiff's wages, which ranged from $1.50 to $3.75.  Id. ¶¶ 64–69.  Plaintiff was paid at a rate of $5 per hour from July 6, 2011 to December 30, 2015, and at a rate of $7.50 from December 31, 2015 to October 15, 2017.  Id. ¶ 69.  Although Plaintiff was given written notice of the wage rate and tip credit when hired on July 6, 2011, he "was not given written notice of his wage increases or what the tip credits that would be applied to his increased wages would be."  Id. ¶¶ 70–71.  The tips were pooled among employees and distributed by Defendants; Defendants on at least one occasion withheld tips that were meant to be distributed to employees.  Id. ¶¶ 76–84.  Defendants failed to pay Plaintiff an additional hour's pay for Saturdays and Sundays, "even though Plaintiff's spread of hours for those days equaled or exceeded ten (10) hours."  Id. ¶ 85.  Plaintiff regularly served as a replacement kitchen worker, despite having been hired as a waiter.  Id.

¶¶ 60–61. Although he did not receive tips while functioning as a kitchen worker, Defendants charged Plaintiff the tip credit. Id. ¶¶ 62–63. During his employment, Plaintiff's paystubs did not include the dates of work, address and telephone number of the employer, or any separation between his tipped and non-tipped work. Id. ¶ 86.

Plaintiff identifies Ms. Wang as the "Owner and Lady Boss" of Rong Xing Inc., with authority to hire, fire, pay and supervise employees; Plaintiff alleges that she fired him on October 15, 2017. Id. ¶¶ 16–17. Plaintiff states that Mr. Cheng is Ms. Wang's husband and exercised similar control over the business. Id. ¶¶ 21–22.

Plaintiff brought this action individually and on behalf of "other current and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case . . . and who were not compensated at least the hourly minimum wage for all hours worked." Id. ¶ 87. In the present motion, Plaintiff only moves on his own behalf. See ECF Nos. 87, 89 at 5 (pdf pagination). Plaintiff claimed that Defendants: (1) failed to pay him the federal minimum wage in violation of the FLSA; (2) failed to pay him the New York minimum wage in violation of the NYLL; (3) illegally retained his tips in violation of the FLSA; (4) illegally retained his tips in violation of the NYLL; (5) failed to pay him a spread-of-hours pay in violation of the NYLL; (6) illegally claimed his meal credit in violation of the NYLL; (7) failed to provide a time-of-hire wage notice in violation of the NYLL; and (8) failed to provide detailed paystubs in violation of NYLL. Id. ¶¶ 97–130.

### b. Procedural History

Plaintiff commenced the instant action. See ECF No. 1. Plaintiff filed an amended complaint, a second amended complaint and a third amended complaint. See ECF Nos. 18, 26, 44. Defendant Rong Xing Inc. answered the third amended complaint. See ECF No. 51. On

July 31, 2019, Plaintiff's summons was returned executed; Plaintiff provided affidavits of service indicating that he successfully served the summons and third amended complaint on Defendants on July 30, 2019.  See ECF Nos. 47, 48.  Mr. Cheng and Ms. Wang did not answer or otherwise respond.

Defendant Rong Xing Inc. moved for summary judgment.  See ECF No. 63.  The District Judge granted summary judgment for Rong Xing Inc. on all counts save for the NYLL spread-of-hours claim and NYLL failure-to-provide-paystubs claim.  See Dkt. Entry 3/24/2021 Minute Entry and Order.  On July 1, 2021, the District Judge ordered Plaintiff to show cause why (1) the Order granting summary judgment should not also apply to the non-appearing Defendants; (2) why the Court should exercise supplemental jurisdiction over Plaintiff's state law claims if his federal claims were dismissed; and (3) whether the action against the non-appearing Defendants should be dismissed for failure to service process.  See Dkt. Entry 7/1/2021 Order.  Plaintiff responded that the non-appearing Defendants had been involved in the management of and Plaintiff's employment at the Jin Cheng Restaurant in 2014, prior to Rong Xing Inc.'s purchase of the Jin Cheng Restaurant in 2015.  See ECF No. 79 at 1.  Plaintiff argued that the summary judgment decision should not be applied to the non-appearing Defendants because evidence of their involvement in 2014 was not considered in deciding summary judgment against Rong Xing Inc. and that Plaintiff properly served the non-appearing Defendants.  Id.  Plaintiff did not directly address the supplemental jurisdiction question.[3]  Defendants Rong Xing Inc. and Mr. Huang replied that the law of the case required that the summary judgment decision be extended

---

[3] Plaintiff requested, and the District Judge granted, leave to file a supplemental memorandum in response to the 7/1/2021 Order to Show Cause.  See ECF No. 79 at 2; Dkt. Entry 7/13/2021 Order.  Plaintiff failed to file any supplemental memorandum; the District Judge declined to issue sanctions for noncompliance with the July 13 Order.  See Dkt. Entry 8/10/2021 Order.

to the non-appearing Defendants; that the Court should not exercise supplemental jurisdiction over the remaining state law claims; and that Plaintiff had failed to serve the non-appearing Defendants. See ECF No. 81-3. On January 31, 2022, the District Judge ordered that Plaintiff file a default motion against Mr. Huang, Ms. Wang and Mr. Cheng by March 18, 2022.[4] See Dkt. Entry 1/31/2022 Order.

Plaintiff requested a certificate of default against the non-appearing Defendants, which the Clerk of Court entered. See ECF Nos. 83–86. Plaintiff filed the instant motion.[5] See ECF No. 87. Plaintiff moves for a default judgment "for (1) unpaid minimum wages, (2) misappropriated tips, (3) liquidated damages; (4) pre-judgment and post-judgement [sic] interest and (5) reasonable attorney fees and costs as provided by the FLSA and minimum wage laws and regulation of New York." ECF No. 89 at 9 (pdf pagination). Plaintiff requests $77,640.20 in damages against Ms. Wang and Mr. Cheng on these counts, and $99,719.69 in attorney's fees and costs, plus interest to be computed through the date judgment is entered. Id. at 9–16. Plaintiff argues that Defendants are jointly and severally liable for violations of the NYLL and seeks to recover under that theory for the entire period of Plaintiff's employment. Id. at 15–17.

---

[4] Mr. Huang, in a later request for a pre-motion conference for a motion to dismiss for failure to state a claim and lack of subject-matter jurisdiction, argued that the grant of summary judgment in favor of Rong Xing Inc. should be extended to him but did not mention the claims against Ms. Wang and Mr. Cheng. See ECF No. 95. Mr. Huang withdrew his request for a pre-motion conference and instead moved to dismiss for insufficient service of process, which the District Judge granted. See ECF Nos. 104, 107.

[5] Despite having been ordered to file any motion for default judgment by March 18, 2022, see Dkt. Entry 1/31/2022 Order, Plaintiff filed the instant motion on April 5, 2022, see ECF No. 87. The District Judge sanctioned Plaintiff's counsel $3,000 but declined to dismiss the action. See Dkt. Entry 4/19/2022 Order.

## II. Discussion

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step procedure by which a party may obtain a default judgment. See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (citing Fed. R. Civ. P. 55); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993). First, if a party has failed to plead or otherwise defend against an action, the Clerk of Court must enter a certificate of default by making a notation on the record. See Fed. R. Civ. P. 55(a). Second, after this entry of default, if the defaulting party still fails to appear or move to set aside the default, the court may enter a default judgment if the complaint is well-pleaded. See Fed. R. Civ. P. 55(b). The trial court has the "sound discretion" to grant or deny a motion for default judgment. See Enron Oil, 10 F.3d at 95. In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and trial courts must "maintain a balance between clearing its calendar and affording litigants a reasonable chance to be heard." Id. at 95–96.

### a. Plaintiff Failed To Comply With Local Civil Rule 55.2

Local Rule 55.2(c) requires that:

> all papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b) above shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual). Proof of such mailing shall be filed with the Court.

Local Civ. R. 55.2(c). "Local Rule 55.2 is strictly construed; failure to comply with its requirements is a basis to deny the motion for default judgment." Umala v. Skylight Holdings Inc., No. 20 Civ. 1176 (EK) (SJB), 2021 WL 7908033, at *4 (E.D.N.Y. Feb. 3, 2021). Plaintiff did not file proof of the mailing of his motion and its accompanying exhibits on the docket or

6

otherwise indicate that the motion papers had been sent to the defaulting Defendants. This omission alone warrants denial of the motion for default judgment. See Castillo v. Chapines LLC, No. 22 Civ. 203 (LDH) (RLM), 2022 WL 17253521, at *2 (E.D.N.Y. Nov. 28, 2022) (denying default judgment for "failure to strictly comply with Local Civil Rule 55.2"). Plaintiff would need to rectify this error before the Court would rule on the motion. See Bhagwat v. Queens Carpet Mall, Inc., No. 14 Civ. 5474 (ENV) (PK), 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015) ("Where the movant is represented by counsel . . . a motion for default judgment will not be granted unless the party making that motion adheres to certain local and individual rules.").

### b. Default Judgments Are Routinely Denied When Other Defendants Have Appeared And Are Litigating

If the Court were to overlook Plaintiff's failure to comply with Local Rule 55.2(c), the motion for default judgment may be stayed and administratively closed because one Defendant is non-defaulting. Because Plaintiff requests a default judgment against Defendants Cheng and Wang but the remaining Defendant Rong Xing Inc. is participating in the action, "the Court must consider whether entering a default judgment against two of the three defendants at this point is premature." N. Am. Specialty Ins. Co. v. Anchorage Constr. Corp., No. 21 Civ. 3558 (DG) (CLP), 2022 WL 17820102, at *3 (E.D.N.Y. June 29, 2022); Fed. R. Civ. P. 54(b) (before entering a final judgment as to some but not all of the parties in an action, courts must "expressly determine that there is no just reason for delay" (internal quotation marks omitted)). "Courts have often postponed default-judgment motion practice where, although one or more defendants have defaulted, other defendants continued litigating" so as "to avoid inconsistent judgments or waste of judicial resources in needing to recalculate damages." Morales v. Fourth Ave. Bagel Boy, Inc., No. 18 Civ. 3734 (DLI) (VMS), 2021 WL 7906501, at *1 (E.D.N.Y. Feb. 12, 2021),

report & recommendation adopted, No. 18 Civ. 3734, Dkt. Entry 3/2/2021 Order. "[E]ven where a plaintiff seeks joint and several liability," courts have regularly postponed default judgment "to avoid the problems of dealing with inconsistent damage determinations."[6] Unitrans Colsolidated, Inc. v. Classic Closeouts, LLC, 09 Civ. 2098 (SLT), 2010 WL 1265206, at *1 (E.D.N.Y. Mar. 31, 2010) (internal quotation marks omitted); N. Am. Specialty Ins. Co., 2022 WL 17820102, at *3 (collecting cases).

The circumstances of the present case support postponing a determination on Plaintiff's motion for default judgment at this stage so as to avoid the risk of inconsistent damages judgments. See Kan Ming v. 2317 Omiya Sushi, Inc., No. 19 Civ. 298 (FB) (SJB), 2021 WL 2457962, at *4 (E.D.N.Y. Apr. 5, 2021), report & recommendation adopted sub nom. Ming Kan v. 2317 Omiya Sushi, Inc., 2021 WL 2453492 (E.D.N.Y. June 16, 2021) ("The possibility of inconsistent damages calculations leads courts in FLSA cases to refrain from issuing interim decisions when not all parties have defaulted."); Coley v. Vannguard Urban Improvement Ass'n, No. 12 Civ. 5565 (PKC) (RER), 2016 WL 4179942, at *6 (E.D.N.Y. Aug. 5, 2016) (postponing determination of default judgment motion against non-appearing defendants under FLSA and NYLL to avoid risk of inconsistent damage determinations).

The case of RSM Prod. Corp. v. Fridman, 643 F. Supp. 3d 382 (S.D.N.Y. 2009), is instructive. The plaintiffs sued eight defendants, asserting claims of tortious interference with contract, tortious interference with prospective business advantage, and civil conspiracy to

---

[6] This rule primarily concerns claims which rest on joint liability. See Lemache v. Tunnel Taxi Mgmt., LLC, 354 F. Supp. 3d 149, 152 (E.D.N.Y. 2019) (citing Frow v. De La Vega, 82 U.S. 552, 554 (1872)). "Where there is a claim premised on joint liability, it is impossible for one defendant to be liable unless all other defendants are also liable," meaning that "when one defendant defaults on a joint liability claim, entering the default judgment prematurely raises the spectre of an inconsistent judgment." Id. at 153.

commit tortious interference arising out of an alleged oil and natural gas exploration contract. See Fridman, 643 F. Supp. 3d at 389–90.  The appearing defendants moved to dismiss while the plaintiffs applied for a default judgment against two non-appearing defendants.  See id.  The court granted the appearing defendants' motion to dismiss, and the court found that the plaintiffs failed to plead sufficient factual allegations to support any legally cognizable claim.  See generally id.  Upon concluding that the plaintiffs' complaint should be dismissed as against the appearing defendants without leave to replead, the court recognized that the plaintiffs' allegations against non-appearing defendants suffered from the same defects.  The court held that entering default judgment against non-appearing defendants would be inappropriate.  See id. at 415.  In refraining from granting default judgment against non-appearing defendants and by allowing non-appearing defendants to benefit from arguments raised by appearing defendants, the court avoided inconsistent results.

In the present case, this Court respectfully recommends that the District Court postpone a decision on Plaintiff's motion against the non-appearing Defendants.  Determining Plaintiff's motion for default judgment at this stage of the litigation would pose a risk of inconsistent results.  As an example, the District Judge granted summary judgment on the FLSA claims in favor of Defendant Rong Xing Inc., but if the default judgment motion is granted now the non-appearing individual Defendants may be held liable under the FLSA based on the complaint.  See Dkt. Entry 3/24/2021 Minute Entry and Order; ECF No. 4.  For another example, Plaintiff's NYLL spread-of-hours claim and NYLL failure-to-provide-paystubs claim against Rong Xing Inc. have yet to be decided at trial.  As to the spread-of-hours claim against Rong Xing Inc., at trial, the Court would likely determine whether Plaintiff did, in fact, work more than 10 hours on any given day but did not receive the extra hours of pay he claims he was owed.  If the Court

were to find now that the non-appearing Defendants were liable for the FLSA and NYLL claims on the pleadings but at trial find no liability against Rong Xing Inc. under the NYLL on the pay claim, such a result could be factually inconsistent. It would give Plaintiff a benefit based on a technicality (the default of the non-appearing Defendants) to achieve a result that, as noted in Fridman, could be inappropriate. It is also possible that evidence at trial would resolve some of the factual inconsistencies between the pleading on which Plaintiff seeks to rely for the default motion and statements Plaintiff's counsel has made to the Court. For example, in the default motion Plaintiff claims damages under the FLSA through December 2015 and the NYLL through June 2017. See ECF No. 88-5. In Plaintiff's counsel letter at ECF No. 79, Plaintiff acknowledges that JILI's pay practices that relate to Defendants Wang and Cheng cover a different period than the pay practices during the Rong Xing Inc. ownership. Yet, Plaintiff seeks damages against Wang and Cheng into the Rong Xing Inc. ownership period. These and other inconsistent statements in the record should be addressed in the default motion but may be factually resolved at trial, which thus would clarify the factual record for the default motion. It would be a better practice to resolve the motion on the fact-based record rather than the allegation-based record as far as possible.

If Plaintiff has pleaded liability sufficiently, deciding the default judgment motion now would require the Court to calculate damages in resolving the motion against the non-appearing Defendants and, again, if Rong Xing Inc. is found liable at the bench trial on the spread-of-hours claim. This would be inefficient and potentially lead to two awards that are at odds, even though it would be based on the same work allegedly performed by Plaintiff. See Morales, 2021 WL 7906501, at *3 ("[C]alculating damages twice would result in inefficiency and a waste of judicial resources."). This is because if the default judgment motion were to be decided first, the

10

damages would be based on the allegations in the third amended complaint and Plaintiff's unchallenged evidence about damages, in contrast to the trial evidence on damages which be tested through the adversarial process.

This Court believes the prudent course is to defer decision on Plaintiff's default judgment motion in order to avoid the risk of inconsistent results on the questions of liability and damages under the FLSA and NYLL.  See N. Food I/E, Inc. v. Apollo Food Int'l Inc., No. 19 Civ. 574 (MKB) (RLM), 2019 WL 5693923, at *2 (E.D.N.Y. July 19, 2019), report & recommendation adopted, 2019 WL 3773823 (E.D.N.Y. Aug. 12, 2019) ("[C]ourts increasingly have been deferring determinations of liability . . . while the claims against non-defaulting defendants are being litigated . . . ."); Kan Ming, 2021 WL 2457962, at *4 (holding that "the more prudent and efficient course is to avoid decision on the default judgment motion," including the liability determination).

In addition to the need to avoid inconsistent liability determinations, other factors also counsel against deciding Plaintiff's motion for default judgment at this time.  The general practice in joint and several liability cases is to postpone the assessment of damages against defaulting defendants until disposition of the claims on the merits against non-defaulting defendants in order to avoid inconsistent damage determinations.  See, e.g., Coley, 2016 WL 4179942, at *6; Elsevier Inc. v. Memon, 97 F. Supp. 3d 21, 39 (E.D.N.Y. 2015) (withholding determination of damages on default judgment against defaulting defendants "because of the possibility of inconsistent rulings"); Clement v. United Homes, LLC, No. 10 Civ. 2122 (RRM) (RLM), 2010 WL 4941489, at *2 (E.D.N.Y. Nov. 30, 2010) ("[W]here . . . an action against several defendants charges them with joint and several liability and where fewer than all defendants are in default, the preferred practice is to defer the damages inquest until after

11

disposition of the claims against the non-defaulting defendants."); Viznai v. United Homes of N.Y., Inc., No. 07 Civ. 4173 (ERK) (SMG), 2009 WL 931178, at *1 (E.D.N.Y. Apr. 3, 2009) (citing Montcalm Publ'g Corp. v. Ryan, 807 F. Supp. 975, 978 (S.D.N.Y. 1992)) (withholding determination of damages after recognizing that courts have "consistently delayed damages inquests even where a plaintiff seeks joint and several liability in order to avoid the problems of dealing with inconsistent damage[s]" (citations & internal quotation marks omitted)).[7]

Second, deferring a ruling on the default judgment motion would not prejudice Plaintiff. Even if the Court were to grant a default judgment against non-appearing Defendants, Plaintiff would still be obliged to prove the liability of Rong Xing Inc. on the remaining two claims. See Umala, 2021 WL 7908033, at *3 ("[N]o discernable prejudice accrues to [p]laintiffs, since resolving liability against the defaulting [d]efendants does not assist them in litigating the case against [non-defaulting defendants]."); Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co., 505 F. Supp. 3d 137, 163 (N.D.N.Y. 2020) ("[A] default judgment against the [defaulting defendants] would have no collateral estoppel effect against the non-defaulting [d]efendants."). A decision on Plaintiff's motion would "only be an administrative resolution" and would not provide an enforceable judgment. Morales, 2021 WL 7906501, at *3; Kan Ming, 2021 WL 2457962 ("[T]here is no advantage or purpose served on resolving only the liability portion of

---

[7] The Court also notes there are difficulties in understanding Plaintiff's spreadsheet with the proposed damages calculations. See ECF No. 88-5. For example, in the third amended complaint, Plaintiff claims that he did not eat his employer's meals. See ECF No. 44 ¶ 58. In his affidavit at ECF No. 88-6, Plaintiff states that he was charged $2.50 per meal that he ate. See ECF No. 88-6 ¶ 18. Thus, it is unclear whether Plaintiff did or did not eat meals provided by his employer. In Plaintiff's spreadsheet, Plaintiff nonetheless seeks $15 per week in alleged "illegal meal deductions," which is apparently $2.50 each day of a 6-day workweek. ECF No. 88-5. The Court notes, too, that the spreadsheet indicates no spread-of-hours shortfall per week and yet, in the summary judgment motion, Plaintiff claimed 9 days on which Plaintiff did not receive spread of hours pays, ECF No. 69-13 ¶ 24, a claim as to which the District Court did not grant summary judgment, see Dkt. Entry 3/24/2021 Order.

the motion for default judgment."). A "court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay." Fed. R. Civ. P. 54(b). Here, the Plaintiff has not explained why it would be necessary to enter judgment against two Defendants when a third Defendant is still litigating. See Unitrans, 2010 WL 1265206, at *2 ("For this court to comply with the certification requirements of Rule 54(b), plaintiff must explain why this court should enter judgment now against only two of the four defendants.").

Another reason to postpone the motion in this case is that the Court could not make an attorneys' fee award at this stage. Plaintiff's motion for default judgment requested $99,719.69 in attorneys' fees and costs. See ECF No. 89 at 16. An attorneys' invoice that Plaintiff included with the motion includes fees unrelated to the instant motion and the non-appearing Defendants, including fees for Plaintiff's multiple complaints and other motion practice relating to other Defendants. See ECF No. 88-3. Should Plaintiff proceed with the motion for default judgment in the future, any calculation of attorneys' fees and costs should be revised and submitted only as to the defaulting parties. See Sun Yeul Hong v. Mommy's Jamaican Mkt. Corp., No. 20 Civ. 9612 (LJL) (SLC), 2022 WL 1488170, at *2 (S.D.N.Y. May 11, 2022) (denying attorney's fees and costs "for work that either is unrelated to the motion for default judgment or are otherwise excessive and redundant").

It is therefore respectfully recommended that the motion be stayed and administratively closed with leave to reopen upon a decision on the remaining claims against Rong Xing Inc. See Umala, 2021 WL 7908033, at *4 (denying default judgment motion with leave to renew where the plaintiff failed to comply with Local Civ. R. 55(c) and non-defaulting defendants were involved in litigation).

### III. Conclusion

For the reasons stated above, this Court respectfully recommends that the District Court stay and administratively close Plaintiff's motion for default judgment against individual Defendants without prejudice and with leave to reopen upon resolution of the merits of the remaining claims against Rong Xing Inc. Upon reopening, the undersigned would address the motion.

### IV. Objections

This report and recommendation will be filed electronically. The Court will mail separate copies of this report and recommendation to Ms. Wang and Mr. Cheng at 64-65 Cloverdale Blvd., Oakland Gardens, NY 11364.

Written objections to this report and recommendation must be filed with the Clerk of the Court within the time permitted after service of the report and recommendation, and in accordance with the Individual Rules of the District Judge. Failure to file objections within fourteen days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. See Miller v. Brightstar Asia, Ltd., 43 F. 4th 112, 120 (2d Cir. 2022) (reasoning that, "although Rule 72 applies only to the district court's review of a report and recommendation, this court has adopted the rule that when a party fails to object timely to a magistrate's recommended decision, it waives any right to further review of that decision" (internal citation & quotations omitted)).

Dated: Brooklyn, New York
January 31, 2023

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge