UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
CHI WAI SHUM, on behalf of himself and others : similarly situated,

                Plaintiff,

   -against-                                    **MEMORANDUM AND ORDER**

JILI INC. d/b/a JIN CHENG RESTAURANT;
RONG XING INC. d/b/a JIN CHENG                 17 Civ. 7600 (RPK) (VMS)
RESTAURANT; XIAO DONG HUANG, JIALI
WANG a/k/a LILY WANG, CHUN KIT
CHENG, WEI WEI LIN,

                Defendants.
------------------------------------------------------------ x

**Vera M. Scanlon, United States Magistrate Judge:**

      Before this Court is Defendant Xiao Dong Huang's motion for attorney's fees pursuant to Federal Rule of Civil Procedure 16(f)(2) in connection with the filing of ECF No. 92 and the Court's sanction Order of April 19, 2022. See ECF No. 94. Plaintiff Chi Wai Shum opposed the motion. See ECF No. 96. For the following reasons, this Court grants in part and denies in part the motion and awards Defendant Huang $2,520.00 in attorney's fees against Plaintiff's counsel.

**I. Background**

      This motion arises from Plaintiff's attempt to move for default judgment against three allegedly "non-appearing" Defendants and the subsequently awarded sanctions against Plaintiff for failing to timely file his motion. During a conference on January 31, 2022, attorney Samuel Chuang appeared on behalf of Defendant Huang for the limited purpose of disputing whether Defendant Huang had been properly served with the summons and complaint. See 1/31/2022 Order. Attorney Chuang did not file a notice of appearance for Defendant Huang and did not move to dismiss or answer on his client's behalf. The Court set a deadline of March 18, 2022 for

1

Plaintiff to move for a default judgment against any or all of the three non-appearing Defendants. See id. On March 18, 2022, rather than resolving the service issues or moving for a default judgment, Plaintiff's counsel requested certificates of default from the Clerk of Court. See ECF Nos. 83 (Huang) and 84 (Cheng, Wang). Of these requests, ECF No. 83 was directed toward Defendant Huang, whom Plaintiff claimed had been served through his attorney yet had defaulted. See ECF No. 83. The Clerk of Court entered the certificates of default on March 28, 2022. See ECF Nos. 85 (Huang) and 86 (Cheng, Wang).

The District Court issued an Order to Show Cause ("OSC") directing Plaintiff to show cause why he should not be sanctioned for failing to timely file default judgment motions on March 18, 2022 in compliance with the January 31, 2022 Order. See 4/2/2022 Order. Plaintiff filed his late default judgment motion on April 5, 2022. See ECF Nos. 87, 88, 89. Plaintiff responded to the OSC on April 8, 2022. See ECF No. 90. Plaintiff argued that the Court should not sanction him because he requested certificates of default by the motion deadline, thus initiating the default judgment process, and that further delays arose from communication difficulties between Plaintiff and counsel. See ECF No. 90. After Plaintiff filed his OSC response, Defendant Huang sought leave to file his own response to the OSC, which the District Court granted. See ECF No. 91; 4/11/2022 Order. Defendant Huang filed his OSC response on April 18, 2022 (the "4/18/2022 Letter"). ECF No. 92.

In the 4/18/2022 Letter, Defendant Huang argued that the Court should sanction Plaintiff's counsel

> at least $5,000 pursuant to Rule 16(f) for failing to timely file Plaintiff's motion for default judgment because, as explained further [in the letter]: (1) two prior Rule 16(f) sanctions of $2,000.00, each, have failed to deter Troy Law from repeatedly failing to timely comply with court orders; (2) a prior Rule 11 sanction of $5,000.00 also failed to deter Troy Law from continuing their pattern and practice of making bad-faith assertions and deliberate factual misrepresentations

2

>  in connection with their motions for default judgment; and (3) the Court's recent warning of sanctions in the event of future noncompliance failed to deter Troy Law from neglecting the Court's clear and unambiguous order to file Plaintiff's motion for default judgment by March 18, 2022.

See ECF No. 92 at 1.  Defendant Huang also argued that the Court should sanction Plaintiff by granting summary judgment as to certain claims against the appearing defendants; deny Plaintiff's motion for default judgment; and dismiss the remaining claims against Defendant Huang without prejudice for failure to timely serve him.  See id.

The District Court declined to dismiss the action as a sanction for Plaintiff's late default judgment motion, but the District Court awarded a monetary sanction of $3,000 against Plaintiff's counsel under Federal Rule of Civil Procedure 16(f)(1)(C).  See 4/19/2022 Order.  The District Court found that the late filings were caused by Plaintiff's counsel's neglect of the filing deadline set in the scheduling Order of January 31, 2022.  See id.  The Court noted that Federal Rule of Civil Procedure 16(f) also permits the award of reasonable expenses, including attorney's fees incurred because of noncompliance with Rule 16.  See id.  The Court also noted that Defendant Huang moved for attorney's fees for filing a responsive paper with respect to sanctions and defending against the default judgment motion.  See id.; ECF No. 92.  The Court stated that "[t]hose costs do not appear to have been incurred because of plaintiff's late-filed default judgment motion, as opposed to this Court's decision to impose subsequent sanctions or the fact that plaintiff did eventually move for default judgment."  See 4/19/2022 Order.  The District Court permitted Defendant Huang to file a letter in support of the request for fees "incurred as a result of the Rule violation."  Id. (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 42 n.8 (1991)).

Defendant Huang filed the instant motion for attorney's fees, seeking compensation for expenses incurred in connection with submitting the 4/18/2022 Letter.  See ECF No. 94.

3

Plaintiff filed a letter opposing Defendant Huang's motion for attorney's fees and cross-moving for sanctions against Defendant Huang.  See ECF No. 96.  The District Court denied Plaintiff's cross-motion for sanctions.[1]  See 5/4/2022 Order.  In that Order, the District Court stated that

> plaintiff is wrong that defendant Huang was necessarily unaffected by plaintiff's late-filed motion for default judgment because plaintiff moved for default judgment against defendant Huang.  See Mem. in Supp. of Mot. for Default J. 5 ("Plaintiff . . . submit[s] this memorandum of law in support of their application for a default judgment . . . against [d]efendant [Xiao Dong Huang].") (Dkt. #89) (ECF pagination).  Moreover, courts in this circuit have found that fees incurred litigating Rule 16(f) sanctions are fees incurred because of noncompliance within the meaning of Rule 16(f)(2).  See Pichardo v. C.R. Bard, Inc., No. 09 Civ. 7653 (SHS), 2015 WL 13784565, at *6 (S.D.N.Y. Jan. 26, 2015) (finding that defendants "may recoup fees for [a] motion for sanctions . . . for hours expended in connection with their argument that the Court should sanction [an] . . . untimely submission pursuant to Rule 16(f)"); cf. Rice v. NBCUniversal Media, LLC, No. 19 Civ. 447 (JMF), 2019 WL 3000808, at *5 (S.D.N.Y. July 10, 2019) (compensation for "time spent on issues related to sanctions" is proper in fee award pursuant to Rule 16(f)(2) and the Court's inherent power) [report & recommendation adopted, No. 19 Civ. 447 (JMF), 2019 WL 3752491 (S.D.N.Y. Aug. 8, 2019)]; Emanuel v. Griffin, No. 13 Civ. 1806 (JMF), 2015 WL 1379007, at *18 (S.D.N.Y. Mar. 25, 2015) (similar).  At least some of the hours expended by defendant Huang's counsel appear to have been incurred as a result of litigating sanctions against plaintiff's counsel.  Accordingly, plaintiff's motion for sanctions is denied.

See id.  The Court permitted Defendant Huang to "file a reply, if any, with respect to the amount of fees that ought to be awarded under Rule 16(f)(2) by 5/11/2022."  See id.

---

[1] As to the issue of the alleged insufficient service of process on Defendant Huang, the parties made several filings at ECF Nos. 95, 98, 99, 100, 101, 102, 103, 104, 105 and 106.  The District Court granted the motion to dismiss for insufficient service and dismissed the complaint without prejudice as to Defendant Huang.  See ECF No. 107.  The District Court held that "[b]ecause plaintiff did not attempt to serve Huang with the operative complaint according to Federal Rule of Civil Procedure 4, the complaint is dismissed as to Huang."  Id. at 1.

4

## II. Legal Standard

### a. Entitlement To Fees

When awarding attorney's fees in connection with a party's failure to obey a court order, Federal Rule of Civil Procedure 16(f)(2) provides that "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). "That is, under Rule 16(f), 'the court must award fees' but 'the fees that may be assessed are limited to those incurred as a result of the Rule violation.'" Rice, 2019 WL 3000808, at *5 (quoting Chambers, 501 U.S. at 43 (1991)). Courts may award attorney's fees for costs incurred in connection with making a motion for sanctions under Rule 16. See Pichardo, 2015 WL 13784565, at *6; Rice, 2019 WL 3000808, at *5; Emanuel, 2015 WL 1379007, at *18.

### b. Attorney's Fee Award

The district court has broad discretion to determine the amount of reasonable attorney's fees to be awarded. See Vincent v. Comm'r of Soc. Sec., 651 F.3d 299, 307 (2d Cir. 2011). In Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008), the Second Circuit articulated the method for calculating reasonable attorney's fees: a reasonable hourly rate multiplied by a reasonable number of hours expended on the work constitutes the "presumptively reasonable fee," also known as the "lodestar." See Millea v. Metro-N. R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (citation omitted). To aid in the court's analysis, a fee application should be supported by "contemporaneous time records" relaying the rates charged and hours worked by each attorney. N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983).

To determine the hourly rate, a court considers "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr., 652 F.3d 277, 289–90 (2d Cir. 2011) (internal citation omitted). The court is to evaluate the "evidence proffered by the parties" and may take "judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." Farbotko v. Clinton Cty., 433 F.3d 204, 209 (2d Cir. 2005). Under the "forum rule," the court must use "hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." Id. at 289 (internal citation omitted). The court's determination of the reasonable hourly rate is aided by the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). In this FLSA case, "the reasonable rate should reflect the rates awarded in FLSA cases in this district, not cases involving other fee-shifting statutes." Encalada v. Baybridge Enters. Ltd., 2014 WL 4374495, at *1 (E.D.N.Y. Sept. 2, 2014), aff'd, 612 F. App'x 54 (2d Cir. 2015).

To determine the reasonable number of hours worked, the court should strike a balance "between principles of thoroughness and efficiency." LCS Grp. LLC v. Shire LLC, 383 F. Supp. 3d 274, 280 (S.D.N.Y. 2019). The court must examine the amount of time spent on each task and decide "how much of that time was reasonably expended given the scope and complexity of the litigation." Pichardo, 2015 WL 13784565, at *4 (internal citation omitted). In making its determination, the court "examines the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case." Luciano v. Olsten Corp., 109 F.3d 111, 116 (2d Cir. 1997). The court may reduce the hours spent on the litigation

to exclude excessive, redundant or otherwise unnecessary time. See Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (citing Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). If the number of hours recorded by counsel is disproportionate to the work performed, the court should reduce the stated hours in making its fee award. See Hensley, 461 U.S. at 433. "[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." Fox v. Vice, 563 U.S. 826, 838 (2011).

### III. Analysis

#### a. Entitlement To Fees

Based on the events described in Section I, supra, and the law described in Section II, supra, Defendant Huang is entitled to reasonable attorney's fees. As the District Court determined in its Order denying Plaintiff's cross-motion for sanctions, "some of the hours expended by defendant Huang's counsel appear to have been incurred as a result of litigating sanctions against plaintiff's counsel." See 5/4/2022 Order. The District Court concluded that Defendant Huang would be entitled to attorney's fees for time reasonably spent on his letter related to the sanctions. See id. (citing Pichardo, 2015 WL 13784565, at *6; Rice, 2019 WL 3000808, at *5; and Emanuel, 2015 WL 1379007, at *18). The Court turns to the question of what amount of fees is reasonable.

#### b. Hourly Rate

Defendant Huang seeks an hourly rate of $525 for the work Mr. Chuang performed in connection with preparing and filing the 4/18/2022 Letter. See ECF No. 94 at 2; 94-1. Plaintiff argues that Defendant Huang has failed to show that Mr. Chuang is "experienced enough to

7

receive a rate of $525" and cites cases in which courts awarded attorney's fees in the range of $200 to $325 per hour. See ECF No. 96 at 3.

Mr. Chuang has been practicing law for approximately 25 years and has represented parties in FLSA actions for approximately 18 years. See ECF No. 94 at 3. "Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff in FLSA cases." Martinez v. New 168 Supermarket LLC, No. 19 Civ. 4526 (CBA) (SMG), 2020 WL 5260579, at *8 (E.D.N.Y. Aug. 19, 2020), report & recommendation adopted, 2020 WL 5259056 (E.D.N.Y. Sept. 3, 2020); see also Lopez v. 1923 Sneaker, Inc., No. 18 Civ. 3828 (WFK) (RER), 2021 WL 1845057, at *9–11 (E.D.N.Y. Mar. 5, 2021), report & recommendation adopted, No. 2021 WL 1259623 (E.D.N.Y. Apr. 6, 2021) (awarding rates between $100 and $375 per hour). FLSA attorneys of Mr. Chuang's general experience level have been awarded rates of approximately $400 per hour. See, e.g., Godwin v. Buka New York Corp., No. 20 Civ. 969, 2021 WL 612336, at *13 (E.D.N.Y. Feb. 17, 2021) (finding $400 per hour to be a reasonable hourly rate for experienced attorneys in connection with a FLSA default in the Eastern District), report & recommendation adopted, 2021 WL 1026553, at * 1 (E.D.N.Y. Mar. 17, 2021); Martinez, 2020 WL 5260579, at *8 (recommending $400 hourly rate for an attorney with approximately twenty-three years' experience); see also Sun v. Sushi Fussion Express, Inc., No. 16 Civ. 4840 (RPK) (LB), 2022 WL 2193441, at *2 (E.D.N.Y. June 17, 2022) (awarding John Troy (one of Plaintiff's attorneys in this case) $325 per hour). Slightly higher rates have been awarded to attorneys possessing several more years' experience than Mr. Chuang. See, e.g., Rodriguez v. Yayo Rest. Corp., No 18 Civ. 4310 (FB) (PK), 2019 WL 4482032, at *9 (E.D.N.Y. Aug. 23, 2019) (recommending $450 hourly rate for an attorney with

8

thirty-six years' experience), report & recommendation adopted, 2019 WL 4468054 (E.D.N.Y. Sept. 18, 2019).

Based on the prevailing rates awarded in this District to FLSA attorneys of Mr. Chuang's approximate experience level, the Court awards an hourly rate of $400.

### c. Reasonable Hours Expended

Defendant Huang seeks compensation for Mr. Chuang's 13.4 hours of legal work, comprised of seven tasks completed in connection with preparing and filing the 4/18/2022 Letter. See ECF No. 94 at 2. Plaintiff argues that Defendant Huang's requested hours are "redundant and excessive." See ECF No. 96 at 4. The Court agrees and finds that a reduction of Mr. Chuang's compensable hours is appropriate. See Kirsch, 148 F.3d at 173.

First, the Court reduces the 5.2 hours Defendant Huang seeks for Task 5, which he describes as "updating research on court sanctions upon Troy Law." See ECF No. 94 at 2. In the 4/18/2022 Letter, Defendant Huang cites cases in which courts awarded sanctions against Troy Law LLC, the law firm representing Plaintiff in this case, and argues that those sanctions awards weigh in favor of awarding sanctions in this case. See ECF No. 92 at 1-3, 5. Defendant Huang cites six electronically published decisions in which courts either sanctioned Troy Law or warned that sanctions may be imposed.[2] Id. To complete Task 5, Mr. Chuang merely needed to conduct an online search on Westlaw that would take a matter of minutes to complete and to

---

[2] The cases as cited are Jianshe Guo v. A Canaan Sushi, Inc., No. 18 Civ. 4147 (JMF), 2019 WL 1507900 (S.D.N.Y. Apr. 5, 2019); Chun Lan Guan v. Long Island Bus. Inst., Inc., No. 15 Civ. 2215 (CBA) (VMS), 2019 WL 3807455 (E.D.N.Y. Aug. 9, 2019); Guangqing Lin v. Teng Fei Rest. Grp. Inc., No. 17 Civ. 1774 (DF), 2020 WL 264407 (S.D.N.Y. Jan. 17, 2020); Guangqing Lin v. Teng Fei Rest. Grp. Inc., No. 17 Civ. 1774 (DF), 2020 WL 564231, at *1 (S.D.N.Y. Feb. 5, 2020); Jianjun Chen v. WMK 89th St. LLC, No. 16 Civ. 5735 (GHW), 2020 WL 2571010, at *1 (S.D.N.Y. May 20, 2020); and Lin v. Quality Woods, Inc., No. 17 Civ. 3043 (DLI) (SJB) 2021 WL 2343179, at *1 (E.D.N.Y. June 4, 2021), report & recommendation adopted, No. 17 Civ. 3043 (DLI) (SJB), 2021 WL 4129151 (E.D.N.Y. Aug. 10, 2021).

9

draft a brief summary of the six sanctions decisions. An attorney with Mr. Chuang's experience level would reasonably be expected to complete this task in about an hour. The 5.2 hours Defendant Huang seeks for Task 5 is therefore excessive, and the Court reduces the compensable time for researching prior sanctions to 1.5 hours.

Second, the Court reduces the 2.4 hours Defendant Huang seeks for Tasks 1 and 2. Those tasks consist of Mr. Chuang's review of Plaintiff's 4/8/2022 response to the Court's 4/2/2022 OSC, both alone and with his client. See ECF No. 94 at 2. Plaintiff's three-page letter response to the OSC discusses the simple issue of whether sanctions were warranted for Plaintiff's late submission of a motion. See ECF No. 90. The Court views 2.4 hours as an excessive amount of time for an attorney of Mr. Chuang's experience level to review a simple three-page letter and discuss it and possible sanctions with his client. The Court therefore reduces the 2.4 hours sought for completion of Tasks 1 and 2 to allow 1.5 hours for this work.

Third, the Court reduces the 5.5 hours Defendant Huang seeks for Tasks 4, 6 and 7, which consisted of drafting, reviewing and filing the 4/18/2022 Letter. See ECF No. 92 at 2. The 4/18/2022 Letter is approximately 4.5 single-spaced pages long. More than a page of the letter reports the sanctions research for which Mr. Chuang separately billed under Task 5. See ECF No. 94. The Court finds 5.5 hours to be an excessive amount of time for an attorney of Mr. Chuang's experience level to draft a simple letter in this FLSA action, especially because he billed separately for reviewing related filings and conducting related research. See Wu v. Sushi Nomado of Manhattan, Inc., No. 17 Civ. 4661 (MKV) (VF), 2022 WL 17539251, at *3 (S.D.N.Y. Dec. 8, 2022) (finding 5.1 hours to be a reasonable amount of time billed in connection with a 4-page, single-spaced letter motion for sanctions, including research, drafting,

10

editing, correspondence and reviewing an opposition). The Court reduces the 5.5 hours sought for drafting and filing the 4/18/2022 Letter to 3 hours of compensable time.

The Court finds that the .3 hours Defendant Huang seeks for Task 3—drafting and filing his motion for leave to file a response to the OSC—to be reasonable.  See ECF No. 94 at 2.

In sum, the Court (1) awards Mr. Chuang an hourly rate of $400; and (2) reduces the compensable time in connection with Defendant Huang's 4/18/2022 Letter from 13.4 hours to 6.3 hours.  Applying the lodestar calculation, this Court awards Defendant Huang $2,520.00 in attorney's fees for work incurred in connection with the preparation and filing of the 4/18/2022 Letter.

## IV. CONCLUSION

For the reasons discussed herein, the Court grants in part and denies in part Defendant Huang's motion for attorney's fees, and awards Defendant Huang against Plaintiff's counsel $2,520.00 in attorney's fees, arising from 6.3 compensable hours at a reasonable rate of $400 per hour.

Dated: Brooklyn, New York
       March 23, 2023

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

11